UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Jesse Jones, ) | |
|     Petitioner, ) | |
| ) | No. 20 CV 50095 |
| v. ) | Judge Iain D. Johnston |
| ) | |
| Andrew Ciolli,[1] ) | |
|     Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

    Petitioner Jesse Jones contends he was wrongly sentenced as an armed career criminal, and seeks habeas relief under 28 U.S.C. § 2241, including resentencing. For the reasons that follow, his petition [1] is denied.

**Background**

    After a jury trial in the District of Minnesota in 2011, petitioner Jesse Jones was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). *See United States v. Jesse Jones*, 10 CR 336 (D. Minn.), Dkt. 102 at 1. At sentencing, over defense counsel's objection, Mr. Jones' judge determined that he was an armed career criminal because of three or more previous convictions for a violent felony, a serious drug offense, or both. *Id.*, Dkt. 112 at 7. As a result of that designation, he was subject to an enhancement under the Armed Career Criminal Act, specifically, a 15-year statutory minimum sentence. *See* 18 U.S.C. § 924(e)(1). The judge concluded that Mr. Jones had six qualifying previous convictions for either a violent felony or serious drug offense. Four of the qualifying predicate offenses were set out in the indictment: (1) a second-degree burglary conviction from 1998; (2) a third-degree controlled substance conviction from 2001; (3) a third-degree assault conviction from 2005; and (4) a simple robbery conviction from 2006. *See Jones*, 10 CR 336 (D. Minn.), Dkts 13 at 1, 112 at 6-7. The remaining two predicate offenses were convictions for terroristic threats that were detailed in his Presentence Investigation Report. *Id.*, Dkt. 112 at 6. After computing his sentencing range under the U.S. Sentencing Guidelines to be 262-327 months, the judge imposed a within-Guidelines sentence of 300 months' incarceration. *Jones*, 10 CR 336 (D. Minn.), Dkts. 102 at 2, 112 at 7. Mr. Jones appealed offering numerous arguments including that the trial court erred by classifying him as an armed career criminal, but the Eighth Circuit affirmed both his conviction and sentence. *See United States v. Jones*, 485 Fed. Appx. 848, 849 (8th Cir. 2012). Mr. Jones argued he was not an armed career criminal again in a post-conviction motion he filed under 28 U.S.C. § 2255, but the district court denied that motion, *United States v. Jones*, 2014 WL 3420784 (D. Minn. July 14, 2014), and twice the Eighth Circuit denied his requests for a certificate of appealability, *see Jones*, 10 CR 336 (D. Minn.), Dkts. 148, 155.

---

[1] The warden of AUSP Thomson is now Andrew Ciolli. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.

Before the Court is Mr. Jones' petition filed under 28 U.S.C. § 2241. He again argues that he is not an armed career criminal, but his arguments this time are based on a decision issued after his sentencing, direct appeal, and § 2255 motion. Mr. Jones argues that under the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his 1998 second degree burglary conviction can no longer serve as a predicate offense because the Minnesota statute under which he was convicted defines burglary more broadly than the generic offense. Mr. Jones' petition is now fully briefed.

**Analysis**

Before the Court addresses the merits of Mr. Jones' argument that he can no longer be considered an armed career criminal subject to a minimum 15-year sentence, it first addresses whether Mr. Jones' argument can be brought in a petition under 28 U.S.C. § 2241. The normal avenue available to a federal prisoner to collaterally attack his sentence is 28 U.S.C. § 2255. But the ability to obtain relief under § 2255 is limited: for instance, a motion must be brought within one year of the conclusion of the direct appeal, *see* 28 U.S.C. § 2255(f); a prisoner may bring only one motion under § 2255 as of right, *see* § 2255(h); and a second or successive motion must be based on either newly discovered evidence or a Supreme Court case involving a new interpretation of the U.S. Constitution, *see* § 2255(h)(1), (2).

However, if a federal prisoner can show that § 2255 is "inadequate or ineffective to test the legality of his detention," then the prisoner may be able to obtain relief under the "savings clause" of 28 U.S.C. § 2255(e). *Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020). If a prisoner can satisfy the "inadequate or ineffective" provision of § 2255(e), then he can attempt to obtain relief under the general federal habeas statute, 28 U.S.C. § 2241. Unlike a motion under § 2255 which is filed in the district where the prisoner was sentenced, a petition under § 2241 is filed in the district where the prisoner is in custody. *See Webster v. Daniels*, 784 F.3d 1123, 1144 (7th Cir. 2015). Mr. Jones was convicted and sentenced in Minnesota within the Eighth Circuit, but he is now housed at USP Thomson in the Western Division of the Northern District of Illinois, and so he correctly filed his petition here.

The question, then, becomes which jurisdiction's law governs the scope of the savings clause, *i.e.*, whether § 2255 is "inadequate or ineffective?" The Seventh Circuit has not determined that choice-of-law issue. *Chazen v. Marske*, 938 F.3d 851, 865 (7th Cir. 2019) ("Today's opinion avoids resolving the choice-of-law problem . . .") (J. Barrett, concurring). Mr. Jones relies on the law of the Seventh Circuit when discussing the scope of the savings clause. *See* Dkt. 1 at 6-7. In contrast, the government argues that the law of the Eighth Circuit, where he was convicted, should apply. Dkt. 11 at 5. Ultimately in this case, the Court need not resolve the choice-of-law issue because, as will be seen below, even if Mr. Jones' arguments are within the scope of the savings clause and so can be raised under § 2241, his argument that he can no longer be considered an armed career criminal is unavailing.

In *Mathis v. United States*, the Supreme Court addressed how to determine whether a prior conviction subjects an offender to an enhancement under the Armed Career Criminal Act. It applied the categorical approach the Supreme Court had articulated long ago in *Taylor v.*

*United States*, 495 U.S. 575, 600-01 (1990).  Under the categorical approach, a prior conviction can serve as a predicate offense under the Armed Career Criminal Act only if the elements of the offense of conviction match the elements of the generic, or commonly understood, version of the crime.  *See Mathis*, 136 S. Ct. at 2248.

According to *Mathis*, the elements of the generic offense of burglary are "an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime."  *Id.* (citing *Taylor*, 495 U.S. at 598).  Mr. Jones argues that under *Mathis*, his previous conviction of second-degree burglary cannot serve as a predicate offense subjecting him to an enhancement under the Armed Career Criminal Act because the elements of the offense under Minnesota law reach a broader range of conduct than the elements of the generic offense.  Under the generic offense as articulated in *Mathis*, an offender commits a burglary by entering a building or structure with the intent to commit a crime.  *Mathis*, 136 at 2248.  But under the Minnesota statute, an offender commits a second-degree burglary when he "enters a building without consent and with intent to commit a crime, *or enters a building without consent and commits a crime while in the building*."  Minn. Stat. § 609.582 (emphasis added).  In other words, the generic offense requires intent to commit a crime, while under the Minnesota statute it is enough that a crime was committed whether or not there was intent to do so.  Mr. Jones seizes upon this mismatch to argue that under *Mathis*, his conviction for second-degree burglary under Minnesota law cannot serve as a predicate offense under the Armed Career Criminal Act.

However, the Armed Career Criminal Act imposes a 15-year minimum sentence on offenders with three previous violent felonies or serious drug offenses.  Mr. Jones argues only that the second-degree burglary offense can no longer serve as a predicate offense, but that was just one of four predicate offenses alleged in the indictment, and one of six that his judge relied upon during his sentencing.  As noted earlier, the indictment also alleged that he was convicted of a third-degree controlled substance offense from 2001, a third-degree assault from 2005, and robbery from 2006.  *See Jones*, 10 CR 336 (D. Minn.), Dkt. 13 at 1.  In his § 2241 petition he seems to argue that the third-degree controlled substance offense could not serve as one of the three predicate offenses because it is not a crime of violence.  Dkt. 1 at 7 ("Without the minnesota [sic]second degree burglary prior, there is no longer enough crimes of violence to qualify as Acca predicates.  The government is only left with one controlled substance offense and two crimes of violence, but not the requisite three crimes of violence to qualify as an armed-Career criminal.").  But the enhancement is triggered by the requisite number of either crimes of violence, serious drug offenses, or any combination of those offenses.  *See* 18 U.S.C. § 924(e) ("three previous convictions  . . . for a violent felony or a serious drug offense, or both . . ."); *United States v. Williams*, 10 F.4th 965, 974 (10th Cir. 2021) ("The ACCA increases firearm-possession penalties (fines and imprisonment) for defendants with three predicate 'serious drug offense[s]' or 'violent felon[ies]' *or a combination of them*.") (emphasis added).

In his reply brief he contends that with the second-degree burglary out as a predicate offense, the government should not get a second bite at the apple by relying on offenses not alleged in the indictment.  Dkt. 21 at 6.  He offers a similar argument in his supplemental brief.  Dkt. 24 at 3-4.  But that argument overlooks that three remaining predicate offenses were all alleged in the indictment.  Moreover, "a pretrial § 924(e) notice is not required."  *White v. United States*, 8 F.4th 547, 553 (7th Cir. 2021).

Finally, he closes his reply brief by asking the Court to "assert a *Mathis* type claim against his 2nd degree controlled substance conviction and 3rd degree assault conviction." *Id.* at 8. In his supplemental reply brief he contends that his previous controlled substance offense cannot be a predicate offense because he pleaded guilty to a third-degree offense, not a second degree offense, and that there is no factual basis to support his guilty plea. Dkt. 24 at 2. But he does not contend that the plea was ever withdrawn. Documents from the Minnesota court attached to the government's response brief regarding his plea are a bit confusing. He pleaded guilty to third-degree controlled substance offenses that occurred on May 4, 2001, and May 7, 2001. Dkt. 11 at 46. The complaint for the May 4, 2001, offense alleges a violation of the then-current version Minn. Stat. § 152.023(1)(1), sale of a controlled substance in the third degree punishable by 20 years' imprisonment. But the complaint for the May 7, 2001, offense alleges a violation of the then-current version of Minn. Stat. § 152.022(1)(6)(i), (3)(a), sale of a controlled substance in the second degree punishable by 25 years' imprisonment. But even if he pleaded guilty to only to the third-degree controlled substance offense, it is a predicate offense because it involved the distribution of a controlled substance punishable by 10 or more years' imprisonment. *See* 18 U.S.C. § 924(e)(2)(A)(ii). His attempt to raise a *Mathis* issue as to his controlled substance and assault convictions is otherwise undeveloped as it offers no other explanation why those convictions cannot serve as predicate offenses, leaving this Court unable to assess the basis of his contention that they do not survive *Mathis*. Undeveloped arguments are forfeited. *See United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006). Moreover, arguments first raised in a reply brief are also forfeited. *United States v. Terzakis*, 854 F.3d 951, 957 (7th Cir. 2017). Mr. Jones has offered no explanation why he waited until his reply brief to first assert that his controlled substance and assault convictions do not survive *Mathis*.

## CONCLUSION

For the reasons given, Mr. Jones' petition [1] is denied. Mr. Jones is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 60 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. Jones need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

To the extent one is required for a § 2241 petition purportedly brought under the savings clause of 28 U.S.C. § 2255(e), the Court declines to issue a certificate of appealability. *See* Rule 11 of the Rules Governing § 2255 Cases. Petitioner cannot show that reasonable jurists would debate, much less disagree, with this Court's resolution of his § 2241 petition. *Arredondo v.*

*Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Date: November 5, 2021    By: _____
                              Iain D. Johnston
                              United States District Judge